Loring agt. Binney.

*Torts*, 324). But upon the authority of *Van Slyck* agt. *Snell* (6 *Lans.*, 299) I vote for affirmance.

---

## SUPREME COURT.

CALEB WILLIAM LORING, executor, &c., of the last will of MARY G. P. BINNEY, deceased, agt. WILLIAM G. BINNEY and others.

*Will — Construction of — Where the will directs the property to be sold, but gives no direction as to who should execute power of sale — Who to sell.*

Where the will directed the property to be sold, but gave no directions as to who should exercise the power of sale, such power being one authorized by the Revised Statutes, it would be the duty of this court to designate a trustee to execute the will, provided that it could be seen, from the will itself, that the execution of the power, without such designation, would utterly fail.

But where, by the terms of the will, the realty is converted into personalty, or a sale is necessary, as its proceeds to be realized from a sale, and not the land itself, is given to the heirs, there is an implied power in the executor to sell such realty for the purpose of distribution.

*Special Term, New York, May,* 1885.

THIS was an action brought by the plaintiff, as executor, under the last will and testament of Mary G. P. Binney, deceased, for a judgment directing a sale of a house and lot — No. 17 Madison avenue, in the city of New York — owned by the testatrix at the time of her death. The plaintiff asked that he might be empowered to deliver a deed to the purchaser, and that the proceeds of the sale might be distributed according to the provisions of the will. The will directed the property to be sold, but gave no directions as to who should execute the power of sale.

*William Watson,* for the plaintiff.

*George W. Van Slyck,* for defendant.

Loring agt. Binney.

Van Vorst. *J.*—The testatrix, Mary G. P. Binney, by the seventh clause of her will, declared .as follows: "I wish my property in Madison avenue, known as No. 17, to be sold, and the proceeds of such sale to be distributed among my heirs according to law."

No direction is given in words as to the person who shall exercise the power of sale.

But as the power is one authorized by the Revised Statutes, it would be the duty of this court to designate a trustee to execute the will of the testatrix, provided that it could be seen from the will itself that the execution of the power without such designation would utterly fail.

But by the terms of the seventh clause of the will the realty is converted into personalty.

A sale is necessary, as its proceeds, to be realized from a sale, and not the land itself, is given to the heirs. No other clause. of the will directly touches the house and lot on Madison avenue. There are legacies given by other clauses of the will, but they are not charged upon the premises in question, and are not payable from those proceeds. The proceeds to be realized upon the sale of the Madison avenue house and lot, with the disposition of which amongst the heirs the executor is chargeable, are assets.

The distribution of those assets belong to the administration of the personal estate. It must be held, therefore, that there is an implied power in the executor to sell this house and lot for the purpose of distribution (*Meakings* agt. *Cromwell*, 5 *N. Y.*, 136).

The decree to be made in this action will be settled on notice.

Note.—By the judgment afterwards entered in this action, the referee, under whose direction the sale was ordered to be made, was directed to pay the proceeds of the sale to the plaintiff as executor, &c., on his giving security to be approved by the court for the faithful discharge of his duties under the will, and judgment of this court, and' for accounting for such moneys when required by the surrogate. The plaintiff was a non-resident of this state.—[ED.